**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JEREMIAH SILKOWSKI and SQN CAPITAL MANAGEMENT LLC,**<br><br>**Defendants.** | **26 Civ. 08162 (JSR)** |

**[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT SQN CAPITAL MANAGEMENT LLC**

The Securities and Exchange Commission having filed a Complaint and Defendant SQN Capital Management LLC ("Defendant" or "SQN Capital") and having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)] by, while

acting as an investment adviser, using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client

by directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of client funds,

(D) compensation to any person,

(E) Defendant's qualifications to advise clients, or

(F) the misappropriation of client funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Advisers Act Section 206(4) [15 U.S.C. § 80b-6(4)] and Rule 206(4)-2 [17 C.F.R. § 275.206(4)-2] thereunder by, as an investment adviser registered or required to be registered under Section 203 of the Advisers Act [15 U.S.C. 80b-3], having custody of client funds or securities as defined under Rule 206(4)-2(d) [17 C.F.R. § 275.206(4)-2(d)] without complying with the terms and conditions of Rule 206(4)-2(a)–(c) [17 C.F.R. § 275.206(4)-2(a)–(c)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-7 [17 C.F.R. § 275.206(4)-7] thereunder by, as an investment adviser registered or required to be registered under Section 203 of the Advisers Act [15 U.S.C. 80b-3] providing investment advice to clients without (i) adopting and implementing written policies and procedures reasonably designed to prevent violation, by the investment adviser or its supervised persons, of the Advisers Act and the rules the Commission has adopted under the Advisers Act; (ii) reviewing and documenting in writing, no less frequently than

annually, the adequacy of the policies and procedures established pursuant to Rule 206(4)-7 and the effectiveness of their implementation; or (iii) designating an individual (who is a supervised person) responsible for administering the policies and procedures adopted under Rule 206(4)-7(a).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant's Consent, filed herewith, is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: 10/8/, 26

[signature]
UNITED STATES DISTRICT JUDGE